**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Donahoe and Cherie Donahoe, husband and wife,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Andrew Thomas and Anne Thomas, husband and wife; Lisa Aubuchon and Peter R. Pestalozzi, wife and husband; Deputy Chief David Hendershott and Anna Hendershott, husband and wife; Peter Spaw and Jane Doe Spaw, husband and wife; Maricopa County, a municipal entity; Jon Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>　　　　　　Defendants. | No. CV 10-02756-PHX-NVW<br><br>**CONSOLIDATED WITH:** |
| Sandra Wilson and Paul Wilson, husband and wife,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>　　　　　　Defendants. | CV 10-02758-PHX-NVW |

- 1 -

|   |   |   |
|---|---|---|
| 1 | Conley D. Wolfswinkel, a single man; Brandon D. Wolswinkel, a single man; Ashton A. Wolfswinkel, a single man; Vanderbilt Farms, LLC, an Arizona limited liability company; ABCDW, LLC, an Arizona limited liability company; Stone Canyon, LLC, an Arizona limited liability company; Vistoso Partners, LLC, an Arizona limited liability company; and W Harquahala, LLC, an Arizona limited liability company; | CV 11-00116-PHX-NVW |
|   | Plaintiffs, |   |
|   | vs. |   |
|   | Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., |   |
|   | Defendants. |   |
| 12 | Mary Rose Wilcox and Earl Wilcox, wife and husband, | CV 11-00473-PHX-NVW |
|   | Plaintiffs, |   |
|   | vs. |   |
|   | Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., |   |
|   | Defendants. |   |
| 18 | Donald T. Stapley, Jr. and Kathleen Stapley, husband and wife, | CV 11-00902-PHX-NVW |
|   | Plaintiffs, | **ORDER** |
|   | vs. |   |
|   | Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., |   |
|   | Defendants. |   |

The proposed schedule in the Rule 56(f) Proposed Discovery Plan (Doc. 449) is rejected. It does not comply with the Civil Justice Reform Act, which requires civil actions to be concluded within three years of filing. Even apart from the Civil Justice Reform Act, the proposed schedule is unquestionably overlong. Extensive information is

already available publicly. If not already in hand, almost all documentary discovery can be produced in little more than a month. The 120 depositions sought is excessive. In any event, depositions can be planned in groups in advance and concluded in far less time than proposed. Only a single round of dispositive motions, not multiple rounds, will be permitted. No further amended pleadings will be allowed without meeting all the criteria of Fed. R. Civ. P. 15, especially timeliness, lack of prejudice to opposing parties, and lack of delay of the proceedings.

IT IS ORDERED that the parties should prepare to discuss at the June 1, 2012 case scheduling conference:

- Concluding fact discovery by December 14, 2012.
- What expert testimony is contemplated, why it is necessary, and why expert disclosures and discovery cannot be done by the close of fact discovery.
- Why good faith settlement meetings as to individual cases and with assistance of mediators cannot be done by August 31, 2012, by which time the depositions of the parties should be completed.
- Why the Wolfswinkel case should not be set on a separate schedule with early anticipated trial date.
- All other matters.

Dated this 30th day of May, 2012.

_____
Neil V. Wake
United States District Judge