**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Donahoe and Cherie Donahoe, husband and wife,<br><br>     Plaintiffs,<br><br>v.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife, et al.,<br><br>     Defendants. | Lead No. CV 10-02756-PHX-NVW<br><br>**Consolidated with:** |
| Sandra Wilson and Paul Wilson, husband and wife,<br><br>     Plaintiffs,<br><br>v.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife, et al.,<br><br>     Defendants. | No. CV 10-02758-PHX-NVW |
| Conley D. Wolfswinkel, a single man, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife, et al.,<br><br>     Defendants. | No. CV 11-00116-PHX-NVW |

|   |   |   |
|---|---|---|
| Donald T. Stapley, Jr. And Kathleen Stapley, husband and wife, | ) ) ) | No. CV 11-00902-PHX-NVW |
| Plaintiffs, | ) ) ) | **ORDER** |
| v. | ) ) | |
| Sheriff Joseph Arpaio and Ava Arpaio, husband and wife, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is Defendants Lisa Aubuchon and Peter R. Pestalozzi's Motion for Stay Pending Appeal Pursuant to Rule 8(a), Federal Rules of Appellate Procedure (Doc. 376), joined by Defendants Andrew and Ann Thomas (Doc. 378). Plaintiffs Gary and Cherie Donahoe and Sandra and Paul Wilson filed a response joined by Plaintiffs Donald T. Stapley, Jr., and Kathleen Stapley. (Docs. 442, 445.) Defendants Lisa Aubuchon and Peter R. Pestalozzi filed a reply joined by Defendants Andrew and Ann Thomas. (Docs. 452, 453.) Oral argument on the motion was heard on June 1, 2012.

**I.     Background**

On April 9, 2012, motions to dismiss by Defendants Lisa Aubuchon and Peter R. Pestalozzi (hereafter "Aubuchon") and Defendants Andrew and Ann Thomas (hereafter "Thomas") were granted in part and denied in part. (Doc. 338.) The April 9, 2012 Order found that Thomas and Aubuchon's actions related to filing a civil RICO lawsuit were not protected by absolute prosecutorial immunity, explaining that absolute immunity generally protects only those actions by a prosecutor that are "intimately associated with the judicial phase of the criminal process." Absolute prosecutorial immunity has been applied to government attorneys for bringing civil enforcement proceedings pursuant to their statutory duties, but only where the government attorney's function is directly analogous to his or her function in a criminal proceeding. Here, Defendants filed a civil lawsuit under the federal RICO statute, which gives the United States Attorney General

- 2 -

1 authority to bring enforcement actions, but does not provide special enforcement
2 authority to state officers. Thus, Defendants were in the same position as other state
3 officers and private lawyers seeking money damages and injunctive relief in a federal
4 civil RICO lawsuit and not protected by absolute prosecutorial immunity.

5 On May 4, 2012, Aubuchon and Thomas filed notices appealing a portion of the
6 April 9, 2012 Order regarding the issue of absolute immunity in connection with the
7 filing of the civil RICO action. (Docs. 375, 377.) On the same day, Aubuchon filed a
8 motion for stay pending appeal, which Thomas joined. (Docs. 376, 378.) Aubuchon and
9 Thomas request a stay of discovery as to the counts pertaining to the civil RICO action
10 only:

> Aubuchon seeks only to stay certain counts as to the narrow issue of the filing of the RICO lawsuit, not as to any alleged underlying actions which may simultaneously support those counts. Aubuchon seeks a narrowly drawn stay order which would prevent discovery on the issue of the filing of the RICO action. Such stay would apply only to any inquiry surrounding the preparation, filing, prosecution and dismissal of the RICO action itself. Aubuchon does not seek a stay regarding the various investigations/ transactions that are the subject of the RICO suit.

(Doc. 452 at 3.)

## II.  Legal Standard

Under the collateral order doctrine, a small class of district court decisions are considered final decisions subject to immediate appeal under 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 524-25 (1985). "[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Id.* at 525. The question of absolute immunity is separate from the merits of the underlying action even though a reviewing court must consider the plaintiff's factual allegations to resolve the question. *Id.* at 528-29.

The Supreme Court has expressed the importance of avoiding excessive disruption of government by "broad-ranging discovery and deposing of numerous persons, including

an official's professional colleagues" before the district court has resolved the threshold immunity question. *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982); *see also Mitchell*, 472 U.S. at 526. But neither *Mitchell* nor *Harlow* addressed whether discovery must be limited after the district court has decided the threshold immunity question while the immunity decision is on appeal.

In the Ninth Circuit, the interlocutory appeal of denial of immunity normally divests the district court of jurisdiction to proceed with trial. *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). However,

> This divestiture of jurisdiction rule is not based on statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. Given this purpose, it has been suggested that the rule should not be employed to defeat its purpose or to induce needless paper shuffling.

*Claiborne*, 727 F.2d at 850 (internal quotation marks and citations omitted); *see also Goshtasby v. Bd. of Trustees of the Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) (stay upon interlocutory appeal to assert colorable claim to absolute or qualified immunity is not based upon any formal division of "jurisdiction" between trial and appellate courts).

To minimize disruption and delay of trial court proceedings, the Ninth Circuit and other circuit courts have adopted the rule that if the district court finds that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify that the defendants have forfeited their right to pretrial appeal and proceed with trial. *Chuman*, 960 F.2d at 105; *see Behrens*, 516 U.S. at 310-11 ("This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings.").

Moreover, "[t]he *Harlow* right to immunity is a right to immunity *from certain claims*, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996).

- 4 -

1   Where an immunity defense applies to one claim and not another, the claims are separable
2   for purposes of the collateral order doctrine. *Beier v. Cty. of Lewiston*, 354 F.3d 1058,
3   1064 (9th Cir. 2004). The fact that defendants will have to endure discovery and trial on
4   some claims does not defeat the appellate court's jurisdiction to review the denial of
5   qualified immunity on other claims. *Id.*; *see Alice L. v. Dusek*, 492 F.3d 563, 565 (5th
6   Cir. 2007) (pending interlocutory appeal of denial of qualified immunity, to the extent
7   defendant was subject to discovery requests on claims for which she does not or cannot
8   assert qualified immunity, such discovery requests did not implicate her right to qualified
9   immunity).

10   It is concluded, therefore, that when a public official files an interlocutory appeal
11   from the denial of a non-frivolous claim to absolute immunity, the district court may not
12   alter the decision on appeal, *i.e.*, the denial of immunity, which is separate from the merits
13   of the underlying litigation. But the district court may exercise discretion regarding
14   pretrial discovery, considering the possibility of compromising any immunity protection
15   the defendants may have and avoiding unnecessary disruption of the ongoing
16   proceedings.

17   **III.   Analysis**

18   Thomas and Aubuchon's claim of absolute immunity seeks a sweeping extension
19   of absolute prosecutorial immunity beyond existing law. But the Court does not find it is
20   frivolous or has been waived and does not certify that they have forfeited their right to
21   pretrial appeal. *See Chuman*, 960 F.2d at 105. However, for reasons previously stated,
22   Thomas and Aubuchon's claim of absolute immunity for the civil RICO claim is unlikely
23   to succeed on the merits. Thus, staying a narrow portion of discovery as requested likely
24   would require a second round of discovery after the denial of immunity is affirmed on
25   appeal.

26   Further, granting Thomas and Aubuchon's motion to stay discovery would at most
27   slightly reduce their immediate discovery burden. Their claim of absolute immunity on

28
- 5 -

1  appeal does not permit them to avoid testifying as fact witnesses regarding the civil RICO
2  claim as it relates to Defendant Arpaio.  In their briefs and oral argument, Thomas and
3  Aubuchon's attorneys were not able to provide any concrete examples of discovery that
4  would be stayed.  The difficulty in articulating practical boundaries of the requested
5  discovery stay demonstrates that a stay would not only disrupt ongoing proceedings, but
6  likely complicate discovery, resulting in additional cost and delay.  In contrast, denying
7  the stay would not substantially increase Thomas and Aubuchon's discovery burden.
8       Thomas and Aubuchon seek a narrowly drawn discovery stay that is unnecessary
9  to preserve the decision on appeal, not likely to provide them any practical benefit, and
10 likely to cause confusion, disruption, and increased expense of ongoing proceedings.
11 Their motion to stay pretrial discovery related to the civil RICO claim will therefore be
12 denied.
13      IT IS THEREFORE ORDERED that Defendants Lisa Aubuchon and Peter R.
14 Pestalozzi's Motion for Stay Pending Appeal Pursuant to Rule 8(a), Federal Rules of
15 Appellate Procedure (Doc. 376), joined by Defendants Andrew and Ann Thomas (Doc.
16 378), is denied.
17      DATED this 7th day of June, 2012.

_____
Neil V. Wake
United States District Judge