**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Donahoe and Cherie Donahoe, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Andrew Thomas and Anne Thomas, husband and wife; Lisa Aubuchon and Peter R. Pestalozzi, wife and husband; Deputy Chief David Hendershott and Anna Hendershott, husband and wife; Peter Spaw and Jane Doe Spaw, husband and wife; Maricopa County, a municipal entity; Jon Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>Defendants. | No. CV10-2756-PHX-NVW<br><br>**CONSOLIDATED WITH:** |
| Sandra Wilson and Paul Wilson, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>Defendants. | CV10-2758-PHX-NVW |

| | |
|---|---|
| Conley D. Wolfswinkel, a single man; Brandon D. Wolfswinkel, a single man; Ashton A. Wolfswinkel, a single man; Vanderbilt Farms, LLC, an Arizona limited liability company; ABCDW, LLC, an Arizona limited liability company; Stone Canyon, LLC, an Arizona limited liability company; Vistoso Partners, LLC, an Arizona limited liability company; and W Harquahala, LLC, an Arizona limited liability company; <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., <br><br> Defendants. | CV11-0116-PHX-NVW |
| Mary Rose Wilcox and Earl Wilcox, wife and husband, <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., <br><br> Defendants. | CV11-0473-PHX-NVW |
| Donald T. Stapley, Jr. and Kathleen Stapley, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., <br><br> Defendants. | CV11-0902-PHX-NVW <br><br> **ORDER** |

Before the Court is non-party Charles Hoskins' amended motion to intervene and complaint in intervention (Doc. 444), the Wilcox Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 457), and Maricopa County's Emergency Motion for Stay Pending Appeal (Doc. 41 filed in Case No. CV11-0473.

## I. BACKGROUND

On May 11, 2012, the Court heard oral argument on Wilcox's motion to enforce the settlement agreement she had reached with Maricopa County to resolve claims she had against the County and other county officials (Doc. 396). At issue was the applicability to Wilcox's settlement of A.R.S. § 11-626, which states, "A claim against the county presented by a member of the board of supervisors shall be verified as other claims, and shall bear the written approval of at least one member of the board other than the claimant, and of the county treasurer." Counsel for the County conceded that A.R.S. § 11-626 did not apply to Wilcox's claims. At the conclusion of the hearing, the Court announced its oral ruling that it would grant Wilcox's motion. The Court issued a written order memorializing that ruling on June 1, 2012 (Doc. 461). In that order, the Court made clear that not only had the County conceded that A.R.S. § 11-626 did not apply to Wilcox's claims, but that the Court had independently reached the conclusion that on its face A.R.S. § 11-626 did not apply to Wilcox's claims.

Nonetheless, a week after the oral argument on Wilcox's motion, Maricopa County Treasurer Charles Hoskins filed a motion to intervene (Doc. 431). On May 22, 2012, Hoskins filed an amended motion to intervene (Doc. 444). Hoskins claims to have an interest in the action because he has a duty to "receive all money of the county . . . safely keep it, and apply and pay it out, rendering account thereof as required by law" under A.R.S. § 11-493(1). (*Id.* at 3.) Hoskins is apparently concerned that paying Wilcox settlement would be in violation of this duty because A.R.S. §§ 11-626 and -627 have not been complied with. He "seeks leave to intervene to obtain a declaration from the Court of his rights and duties with respect to the alleged settlement." (*Id.*) Hoskins claims he is either entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a), or, in the alternative, to permissively intervene under Fed. R. Civ. P. 24(b).

## II. MOTION TO INTERVENE

Rule 24 of the Federal Rules of Civil Procedure governs intervention, which comes in two varieties: intervention of right and permissive intervention. Each will be discussed in turn.

### A. Mandatory Intervention

A party is entitled to intervene if it is "given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)–(2). No federal statute gives Hoskins a right to intervene. The inquiry therefore turns to whether he claims a sufficient interest that no existing party will adequately protect.

Hoskins expresses the interest he seeks to protect as follows:

> Treasurer Hoskins believes his oath of office requires him to not disburse county funds when there is an unsettled question of whether doing so would violate Arizona law.
>
> * * *
>
> [U]nless the Treasurer is permitted to intervene, his interest will be impaired because he may be required to issue payment of the settlement in violation of his statutory duties.

(Doc. 444 at 5.) Essentially, Hoskins asks for a court order telling him whether he would violate the law if he pays the Wilcox settlement.

It is doubtful that Hoskins can bring such a motion. The dispute over the settlement agreement is between Wilcox and the County. Hoskins, in his capacity as treasurer, is not separate from the County. If A.R.S. §§ 11-626 and -627 have any bearing, it was the County's duty to raise them. The Board of Supervisors controls the County's actions, with the power to "[d]irect and control the prosecution and defense of all actions to which the county is a party, and compromise them." A.R.S. § 11-251(14).

- 4 -

Further, "[t]he powers of a county shall be exercised only by the board of supervisors or by agents and officers acting under its authority and authority of law." *Id*. § 11-201(A). Here, the County has appealed the Court's prior ruling.

Hoskins does not claim that he acts under authority from the Board of Supervisors, but at oral argument his counsel admitted that the County was paying counsel's fees. Although this might suggest Board of Supervisors approval, it also exposes the true character of this motion — as the County's indirect motion for reconsideration. That is not an appropriate basis for intervention.

Beyond this issue, however, is the fact that Hoskins has not articulated a clear "interest" to protect. He has no personal interest in the money at stake — he is not a competing claimant to the $975,000 settlement. Rather, he has at most an abstract in interest in following the law. *Cf. Atl. Mut. Ins. Co. v. Nw. Airlines*, 24 F.3d 958, 961 (7th Cir. 1994) ("Persons who care about the legal principles that apply to a dispute may appear as *amici curiae*; they are not entitled to intervene."). Yet even if disbursing the settlement funds would violate his duties as Treasurer, he has not explained how his own interests would be affected. At oral argument, his counsel disclaimed any possibility of Hoskins incurring personal liability, but rather conceded that paying this sort of demand is the treasurer's ministerial duty. This alone suffices to deny intervention of right.

Moreover, he has failed to state any colorable basis for believing that he might violate the law by permitting the settlement to be paid. The Court has already ruled that A.R.S. § 11-626 does not apply to the Wilcox settlement even before Hoskins moved to intervene, supposedly to get a ruling on that issue. (*See* Doc. 461.) As for A.R.S. § 11-627, Hoskins has done no more than cite it. He offers no argument why it might apply or why it should be treated any differently than § 11-626. It is not the Court's duty to develop his arguments for him.[1] He has especially offered no reason why he should be

---

[1] In any event, A.R.S. § 11-627 imposes no barrier. It deals only with County officers entering into commercial contracts, such as for compensation above their salaries. *See Yuma County v. Fidelity Title Guaranty Co.*, 24 Ariz. 33, 206 P. 587 (1922).

- 5 -

allowed to raise it when the County previously waived it. On this record, Hoskins has provided no basis to think that any statute bars his ability to permit payment of the settlement. He therefore has not stated a case for intervention of right.

### B.     Permissive Intervention

If a party has no right to intervene, the Court may nonetheless permit the party to intervene if that party "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)–(B). Also, a state governmental official may be granted permissive intervention "where a[n existing] party's claim or defense is based on * * * a statute or executive order administered by the officer." Fed. R. Civ. P. 24(b)(2)(A).

Permissive intervention is not appropriate here. First, no federal statute gives Hoskins a conditional right to intervene. Second, he has no "claim or defense that shares with the main action a common question of law or fact." He has no claim or defense at all. He asks the Court to resolve a "question of law," but that question is untethered to any "claim or defense," and the question was already resolved before he moved to intervene.

Finally, no existing party's claim or defense is based on "a statute or executive order administered by" Hoskins. The County waived the issue of A.R.S. § 11-626 and never raised § 11-627. But even if this were not the case, permissive intervention would still be inappropriate. In general, permissive intervention is liberally granted to government officials "when sought because an aspect of the public interest with which [the officer] is officially concerned is involved in the litigation." *Nuesse v. Camp*, 385

---

Wilcox's settlement is not that sort of contract. Further, if A.R.S. § 11-627 did apply to this statute, it would lead to an absurd result —the County could never settle a tort claim brought against it by a County officer. Statutes are not read to reach absurd results when they are capable of a non-absurd meaning. Here the text and ninety years of Arizona case law give the statute a sensible meaning that Hoskins ignores.

- 6 -

F.2d 694, 706 (D.C. Cir. 1967); *see also SEC v. U.S. Realty & Improvement Corp.*, 310 U.S. 434 (1940). However, such intervention is not warranted when the government official does not have authority to speak for the government. *In re Ocean Shipping Antitrust Litig.*, 500 F. Supp. 1235, 1238–39 (S.D.N.Y. 1980) (denying permissive intervention to Federal Maritime Commission where federal statute required it to receive permission from the Attorney General before attempting to represent the United States' interests in court). As already explained, Hoskins does not claim that he has authority from the Board of Supervisors to advance arguments that the County abandoned or chose not to raise, and by purporting to give such authority the Board could not overcome its own waiver. An intervenor "'must join subject to the proceedings that have occurred prior to his intervention; he cannot unring the bell.'" 7C Charles Alan Wright et al., *Federal Practice and Procedure (Civil)* § 1920 (3d ed.) (quoting *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 153 (S.D. Cal. 1954)); *see also McBean v. City of New York*, 260 F.R.D. 120, 140 (S.D.N.Y. 2009) ("It is well-settled that intervenors must take the litigation as they find it at the time of intervention; they cannot change the issues framed between the original parties.").

The Court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Hoskins' permissive intervention would cause undue delay because he seeks to reargue issues the Court has already decided. *See also Hoots v. Commw. of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982) (permissive intervention would cause "undue delay" where "the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate").

Accordingly, Hoskins satisfies none of the requirements for permissive intervention, and his motion to intervene will be denied.

### III. MOTION FOR ATTORNEYS' FEES AND COSTS

In her response to Hoskins' motion, Wilcox requested an award of her additional attorney fees and costs related to defending Hoskins' motion to intervene. Those

1 additional fees and expenses will be awarded against the County for the same reasons her original fees and expenses were awarded. It is hard to think of a more deserving case for award of fees under A.R.S. 12-341.01(A) than for breach of a contract to settle litigation. Hoskins was acting as a County officer, with counsel funded by the County, in bringing this motion for the apparent purpose of trying to improve the County's position beyond the position in which the County had put itself. This is in substance a continuation of the County's breach of its settlement agreement with Wilcox.

**IV.    MOTION FOR STAY PENDING APPEAL**

Maricopa County has moved for a stay of execution without filing a supersedeas bond pending its appeal of the judgment (Doc. 41 in CV11-0473). The County asserts it is entitled to a stay under Fed. R. Civ. P. 62(f), which provides, "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Under Arizona law, a party must file and record a judgment with the county recorder's office in order for the judgment to become a lien upon the real property of the judgment debtor located in the County. *See* A.R.S. § 33-961 ("A copy of the judgment of a court, certified by the clerk, shall be filed and recorded in the office of the county recorder in each county where the judgment creditor desires the judgment to become a lien upon the real property of the judgment debtor before the judgment shall become a lien upon or in any manner affect or encumber the real property of the judgment debtor, or any part of the real property of the judgment debtor."). Because Wilcox recorded the judgment (Doc. 48 in CV11-0473 at 7, n.6), it constitutes a lien on the County's property in the county. Wilcox does not dispute that the County has sufficient real property in the county to secure the judgment. The practice in Arizona is to stay execution pending appeal when a judgment lien adequately secures that judgment. Accordingly, the County is entitled to a stay of execution without supersedeas bond. The County's motion for a stay will be granted.

IT IS THEREFORE ORDERED that Charles Hoskins' Motion to Intervene (Doc. 444 in CV10-2756) is denied.

IT IS FURTHER ORDERED that Mary Rose and Earl Wilcox's Request for Attorneys' Fees and Costs (Doc. 457 in CV10-2756) is granted.  Wilcox shall submit proof and itemization of her claim for further fees by July 21, 2012.  The County may file a response by August 4, 2012.  Wilcox may file a reply by August 11, 2012.

IT IS FURTHER ORDERED that Maricopa County's Emergency Motion for Stay Pending Appeal (Doc. 41 in CV11-0473) is granted.

IT IS FURTHER ORDERED that execution on the judgment (Doc. 39 in CV11-0473) is stayed pending appeal.

Dated: July 5, 2012.

_____
Neil V. Wake
United States District Judge