**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Donahoe and Cherie Donahoe, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Andrew Thomas and Anne Thomas, husband and wife; Lisa Aubuchon and Peter R. Pestalozzi, wife and husband; Deputy Chief David Hendershott and Anna Hendershott, husband and wife; Peter Spaw and Jane Doe Spaw, husband and wife; Maricopa County, a municipal entity; Jon Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>　　　　　Defendants. | No. CV 10-02756-PHX-NVW<br><br>**CONSOLIDATED WITH:** |
| Sandra Wilson and Paul Wilson, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>　　　　　Defendants. | CV 10-02758-PHX-NVW |

- 1 -

| | |
|---|---|
| Conley D. Wolfswinkel, a single man; Brandon D. Wolswinkel, a single man; Ashton A. Wolfswinkel, a single man; Vanderbilt Farms, LLC, an Arizona limited liability company; ABCDW, LLC, an Arizona limited liability company; Stone Canyon, LLC, an Arizona limited liability company; Vistoso Partners, LLC, an Arizona limited liability company; and W Harquahala, LLC, an Arizona limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>Defendants. | CV 11-00116-PHX-NVW |
| Mary Rose Wilcox and Earl Wilcox, wife and husband,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>Defendants. | CV 11-00473-PHX-NVW |
| Donald T. Stapley, Jr. and Kathleen Stapley, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>Defendants. | CV 11-00902-PHX-NVW<br><br>**ORDER** |

Before the Court is Maricopa County's Amended Motion for Reconsideration and Modification of May 31, 2012 (Doc. 514) and the Wolfswinkel Plaintiffs' Motion to Set Aside the Court's May 26, 2011 Order Dismissing William Montgomery as a Party-Defendant (Doc. 565). The County seeks a modification of this Court's May 31 order

1 which required Maricopa County to produce documents in the possession of the
2 Maricopa County Attorney's office that are responsive to discovery requests from the
3 Wolfswinkel plaintiffs. The County Attorney, Bill Montgomery, has taken the position
4 that he is not required to produce the documents under his control to the County, and that
5 as a non-party to this suit, he is not compelled to cooperate with the Wolfswinkel
6 plaintiffs' discovery requests. Nonetheless, after he was served with a subpoena for the
7 documents by the County's attorney, Montgomery complied with the subpoena and
8 produce the requested documents. Accordingly, the motion for reconsideration is
9 effectively moot.

10 Nonetheless, it is likely that the County Attorney's office will need to cooperate in
11 this litigation because the former County Attorney, Andrew Thomas, is a defendant
12 related to actions he took in his capacity as County Attorney and documents in the
13 County Attorney's office will likely need to be produced in discovery. The Wolfswinkel
14 plaintiffs initially named Montgomery as a defendant in this action in his official capacity
15 as County Attorney (Doc. 1 in CV11-0116). Montgomery moved to dismiss the
16 complaint on the basis that he did not take office until after the alleged wrongdoing
17 underlying the complaint occurred (Doc. 18 in CV11-0116). In their response to
18 Montgomery's motion to dismiss (Doc. 55 in CV10-2756), the Wolfswinkel plaintiffs
19 acknowledged that they did not seek any relief against Montgomery personally, but that
20 in order to recover damages for actions taken by Thomas in his official capacity as
21 County Attorney, they were suing Montgomery in his official capacity to hold the County
22 responsible for the actions of Thomas, the former office holder.

23 The Court granted Montgomery's motion to dismiss on the basis that naming
24 Montgomery was redundant to naming the County (Doc. 70 in CV10-2756). However,
25 because Montgomery has asserted that as a non-party, he is not required to cooperate
26 with the discovery obligations under the Federal Rules of Civil Procedures, the efficiency
27 of dismissing Montgomery is no longer present. The Court has no doubt that all of
28 Maricopa County's officers are responsible for complying with the County's discovery

obligations under the Federal Rules of Civil Procedure. Officers like the County Attorney bear the County's responsibility and will render the County liable for sanctions for not meeting that responsibility. The Court will therefore grant the Wolfswinkel Plaintiffs' Motion to Set Aside the Court's May 26, 2011 Order Dismissing William Montgomery as a Party-Defendant (Doc. 565) and give the Wolfswinkel plaintiffs leave to amend their complaint to name Montgomery as a defendant in this action, thus avoiding this conflict. The further amended complaint must be served upon the County Attorney, and any challenge to the further amended complaint other than challenges concerning process will be summarily denied.

IT IS ORDERED that Maricopa County's Amended Motion for Reconsideration and Modification of May 31, 2012 (Doc. 514) is denied.

IT IF FURTHER ORDERED that the Wolfswinkel Plaintiffs' Motion to Set Aside the Court's May 26, 2011 Order Dismissing William Montgomery as a Party-Defendant (Doc. 565) is granted. The Wolfswinkel plaintiffs are given leave without further order of the Court to file an amended complaint by September 7, 2012, to name Montgomery as a defendant in this action. The further amended complaint must be served upon the County Attorney, and any challenge to the further amended complaint other than challenges concerning process will be summarily denied.

Dated this 28th day of August, 2012.

_____
Neil V. Wake
United States District Judge