**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Donahoe and Cherie Donahoe, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; Andrew Thomas and Anne Thomas, husband and wife; Lisa Aubuchon and Peter R. Pestalozzi, wife and husband; Deputy Chief David Hendershott and Anna Hendershott, husband and wife; Peter Spaw and Jane Doe Spaw, husband and wife; Maricopa County, a municipal entity; Jon Does I-X; Jane Does I-X; Black Corporations I-V; and White Partnerships I-V,<br><br>Defendants. | No. CV-10-02756-PHX-NVW<br><br>**CONSOLIDATED WITH:** |
| Sandra Wilson and Paul Wilson, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al.,<br><br>Defendants. | CV-10-02758-PHX-NVW |

- 1 -

| | |
|---|---|
| Conley D. Wolfswinkel, a single man; Brandon D. Wolswinkel, a single man; Ashton A. Wolfswinkel, a single man; Vanderbilt Farms, LLC, an Arizona limited liability company; ABCDW, LLC, an Arizona limited liability company; Stone Canyon, LLC, an Arizona limited liability company; Vistoso Partners, LLC, an Arizona limited liability company; and W Harquahala, LLC, an Arizona limited liability company; <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., <br><br> Defendants. | CV-11-00116-PHX-NVW |
| Mary Rose Wilcox and Earl Wilcox, wife and husband, <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., <br><br> Defendants. | CV-11-00473-PHX-NVW |
| Donald T. Stapley, Jr. and Kathleen Stapley, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> Sheriff Joseph Arpaio and Ava Arpaio, husband and wife; et al., <br><br> Defendants. | CV-11-00902-PHX-NVW <br><br> **ORDER** |

Before the Court is Defendant William Montgomery's Motion to Dismiss Wolfswinkel Plaintiffs' Amended Complaint for Failure to State a Claim (Doc. 592), the Response, and the Reply. The Motion to Dismiss will be denied.

## I. BACKGROUND

Plaintiffs alleged in their original complaint constitutional violations by former County Attorney of Maricopa County Andrew Thomas, his deputy, and others. (Doc. 1 in 11-cv-00116.) Plaintiffs sued William Montgomery solely in his official capacity as County Attorney of Maricopa County; he was named in the suit because he currently occupies the office held by Defendant Andrew Thomas at the time of Thomas' alleged wrongdoing. (*Id.*) Montgomery moved to dismiss the complaint against him on the grounds that he took office after the alleged wrongdoing underlying the complaint occurred. (Doc. 18 in 11-cv-00116.) This Court in its discretion granted the motion to dismiss after determining first that including Montgomery as a defendant in his official capacity was redundant, given that Maricopa County was also a defendant, and second that dismissing Montgomery as a party served the interest of efficiency (Doc. 70). Plaintiffs later filed a Motion to Set Aside Order (Doc. 565), seeking to reinstate Montgomery in his official capacity as a party-defendant. Noting that Montgomery had adopted the position that he was not required to produce documents under his control to Maricopa County pursuant to Plaintiffs' discovery requests, the Court concluded that dismissing Montgomery as a defendant was not in fact expedient and gave Plaintiffs leave to once again name Montgomery as a defendant. (Doc. 572.) Plaintiffs then filed an amended complaint naming Montgomery in his official capacity as a defendant (Doc. 573), which Montgomery now seeks to have dismissed (Doc. 592).

## II. ANALYSIS

Montgomery contends that his Motion to Dismiss should be granted because: (1) the Amended Complaint states no cognizable legal claim against him and seeks no relief from him; (2) given, as alleged in (1), that Montgomery is not a proper party to the suit, he cannot be added as a defendant to merely facilitate discovery; and (3) leaving Montgomery as a defendant will open the floodgates of litigation. All of these arguments fail, however, as William Montgomery, in his official capacity as County Attorney of Maricopa County, is a proper party to Plaintiffs' suit.

- 3 -

1     First, Plaintiffs successfully state a claim against Montgomery in his official
2 capacity. "Official-capacity suits . . . [represent] another way of pleading an action
3 against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159,
4 165 (1985) (internal quotation marks and citation omitted). Here, Plaintiffs allege that
5 the defendants in this action committed a series of constitutional violations "pursuant to
6 final policy decisions of [Defendant] Arpaio and [Defendant] Thomas and pursuant to the
7 customs, policies, and practices of the Sheriff's Office and County Attorney's Office as
8 established by [Defendant] Arpaio and [Defendant] Thomas." (Doc. 573.) Such
9 allegations appropriately state a claim under § 1983 against the entity of which
10 Montgomery is an agent. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658,
11 690-91 (1978) (municipalities and local governing bodies can be held liable for
12 monetary, declaratory, or injunctive relief under § 1983 when constitutional tort is caused
13 by action pursuant to municipal policy or custom). As Plaintiffs' claims, considered
14 along with the supporting facts alleged, "permit a reasonable inference that the defendant
15 is liable for the conduct alleged," the claims survive a motion to dismiss under Rule
16 12(b)(6) of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
17 (2009). Further, despite Montgomery's assertions to the contrary, Plaintiffs do request
18 relief from Montgomery in his official capacity. The "Prayer for Relief" explicitly seeks
19 actual and consequential damages recoverable under 42 U.S.C. § 1983 from "Defendants
20 (other than Montgomery personally)"—from Defendants, including Montgomery in his
21 official capacity. (Doc. 573 at 14.) That Plaintiffs neither raise claims against
22 Montgomery for his own actions nor seek relief from him personally is immaterial, as
23 Plaintiffs have not sued him in his individual capacity.

24     In addition, Rule 25(d) of the Federal Rules of Civil Procedure corroborates the
25 position that Montgomery in his official capacity is an appropriate party to the suit, given
26 that Plaintiffs did state claims against his predecessor in office, Defendant Andrew
27 Thomas. Had Plaintiffs brought this action while Defendant Thomas was still serving as
28 County Attorney for Maricopa County, they would have sued him in his individual and

1  present official capacities; Montgomery would not have been involved. (Doc. 633 at 2.)
2  If Defendant Thomas had stepped down from his position as a public officer during the
3  proceedings, his successor, William Montgomery, would have automatically been
4  substituted into the suit as an official-capacity defendant. Fed. R. Civ. P. 25(d) ("An
5  action does not abate when a public officer who is a party in an official capacity . . .
6  ceases to hold office while the action is pending. The officer's successor is automatically
7  substituted as a party.") The Federal Rules of Civil Procedure thus contemplate having
8  public officers such as Montgomery be party to suits in their official capacities, though
9  they were not in office during the time period relevant to the suit. The only distinction
10 here is that the effective "automatic substitution" occurred prior to suit, rather than while
11 the suit was pending.

12        Second, Montgomery is neither an improper defendant included solely to facilitate
13 discovery nor a defendant duplicative of Defendant Maricopa County. As discussed
14 earlier, Plaintiffs properly stated claims against and sought relief from Montgomery in his
15 official capacity; Montgomery's insistence that he has been improperly included in the
16 suit to smooth the discovery process fails to persuade. Further, involving Montgomery in
17 the suit does not give rise to any redundancy, since he has created a practical need for his
18 inclusion. Montgomery's initial refusal to cooperate with discovery proceedings in this
19 suit vitiates any efficiency gains from removing potentially duplicative parties from the
20 action. He is a proper defendant, and as dismissing him does not benefit the proceedings,
21 he will remain party to the suit.

22        Finally, denying Montgomery's Motion hardly paves the way for a flood of
23 litigation. Montgomery would have to give discovery on behalf of Defendant Maricopa
24 County even if he were no longer a defendant in this suit.

25        Plaintiffs have sufficiently alleged facts and stated claims against William
26 Montgomery in his official capacity as County Attorney of Maricopa County.

1  IT IS THEREFORE ORDERED that Defendant William Montgomery's Motion to Dismiss Wolfswinkel Plaintiffs' Amended Complaint for Failure to State a Claim (Doc. 592) is denied.

Dated this 7th day of December, 2012.

_____
Neil V. Wake
United States District Judge